1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CARLTON PRATT,

11              Plaintiff,              No. CIV S-06-1369 GGH

12        vs.

13   MICHAEL J. ASTRUE,
     Commissioner of
14   Social Security,
                                            ORDER
15              Defendant.

16   _____/

17              Pending before the court is plaintiff's motion for an award of attorneys' fees under

18   the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1).

19              As a preliminary matter, the court addresses its prior order to show cause why

20   sanctions should not be imposed on defendant for failure to file a timely opposition, or a

21   statement of non-opposition, to plaintiff's motion.  Good cause appearing, the order is hereby

22   discharged.[1]  Defendant has since filed an opposition to plaintiff's motion for attorney's fees, and

23   contends that such fees should not be awarded because the government's position was

24   _____

25        [1] In response to the order to show cause, defendant asserts that the failure to file a timely
     opposition was due to an inadvertent error.  Defendant explains that when the opposition was
     originally due, the office handling this matter was undertaking a drastic reassignment of cases,
26   which caused the attorneys to unintentionally miss the deadline.

                                            1

1  substantially justified.  The court agrees.

2  I. <u>DISCUSSION</u>

3            The EAJA provides that the prevailing party in a civil action against the United

4  States may apply for an order for attorneys' fees and expenses within thirty days of final

5  judgment in the action.  An applicant for Social Security benefits receiving a remand under

6  sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later

7  succeeds in obtaining the requested benefits.  <u>Shalala v. Schaefer</u>, 509 U.S. 292 (1993).  In this

8  case, the matter was remanded under sentence four pursuant to the order of the court for further

9  development of the record with regard to plaintiff's past relevant work, and if necessary,

10  additional findings at step-five of the sequential analysis.  <u>See</u> Order filed July 26, 2007

11  ("Order").  Plaintiff is thus eligible for an award of fees under the EAJA.  The court must allow

12  the fee award unless it finds that the position of the United States was substantially justified.

13  <u>Flores v. Shalala</u>, 49 F.3d 562, 568-69 (9th Cir. 1995).

14            The burden of establishing substantial justification is on the government.  <u>Gutierrez</u>

15  <u>v. Barnhart</u>, 274 F.3d 1255, 1258 (9th Cir. 2001).  In <u>Pierce v. Underwood</u>, 487 U.S. 552 (1988), the

16  Supreme Court defined "substantial justification" as:

17            'justified in substance or in the main'– that is, justified to a degree
             that could satisfy a reasonable person.  That is no different from the
18            'reasonable basis in both law and fact' formulation adopted by the
             Ninth Circuit and the vast majority of other Courts of Appeals that
19            have addressed this issue.

20  <u>Id</u>. at 565.  A position does not have to be correct to be substantially justified.  <u>Id</u>. at 566 n.2; <u>see</u>

21  <u>also</u> <u>Russell v. Sullivan</u>, 930 F.2d 1443, 1445 (9th Cir. 1991), <u>receded from on other grounds</u>,

22  <u>Sorenson v. Mink</u>, 239 F.3d 1140 (9th Cir. 2001); <u>Lewis v. Barnhart</u>, 281 F.3d 1081, 1083 (9th

23  Cir. 2002).

24            In determining substantial justification, the court reviews both the underlying

25  governmental action being defended in the litigation and the positions taken by the government

26  in the litigation itself.  <u>Barry v. Bowen</u>, 825 F.2d 1324, 1331 (9th Cir. 1987), <u>disapproved on</u>

other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990).  Where the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified.  Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988).  "The nature and scope of the ALJ's legal errors are material in determining whether the Commissioner's decision to defend them was substantially justified."  Sampson v. Chater, 103 F.3d 918, 922 (9th Cir. 1996) (citing Flores v. Shalala, 49 F.3d 562, 570 (9th Cir. 1995)).

Defendant contends that the government's position was substantially justified because although the case was remanded for further development of the record with regard to plaintiff's past relevant work, the government reasonably argued that his past work as an auto detailer counted as "past relevant work" within the meaning of the regulations.  Defendant argues that at the very least, that there was a "genuine dispute" as to whether plaintiff's past work as an auto detailer constituted substantial gainful activity.

The court agrees that there was some evidence supporting the Commissioner's position.  This is illustrated by the very nature of the remand order, which was based on ambiguity in the record regarding plaintiff's earnings as an automobile detailer.  See Order, 5:19-6:23.  The ALJ found that plaintiff was able to return to his past relevant work as auto detailer, but the record was ambiguous as to whether this job qualified as past relevant work under the regulations.  See 20 C.F.R. § 404.1560(b)(1) (past relevant work is work done within the past 15 months that was "substantial gainful activity").  More particularly, it was unclear whether this work qualified as "substantial gainful activity."  See Lewis v. Apfel, 236 F.3d 503, 515 (9th Cir. 2001) (earnings can be a presumptive, but not a conclusive, sign of whether a job is substantial gainful activity).

While the record evidence concerning plaintiff's earnings was itself ambiguous, the matter was further complicated by evidence that plaintiff was sporadically self-employed as an auto detailer.   More specifically, plaintiff told a speech language pathologist, Dr. Paul T. Fogle, Ph.D., that he had his own auto detailing shop, and has always maintained an independent

1    detailing business.  See Order, 6:9-18.  Despite these statements, the record did not reflect any

2    earnings from self-employment.

3          Given this ambiguous evidence as to earnings, the court concluded that it was

4    impossible to determine whether or not the seemingly low earnings from plaintiff's work as an

5    auto detailer shifted the burden from the plaintiff to the Commissioner to show that the work

6    constituted substantial gainful activity.  See Lewis, 236 F.3d at 515-16 (the presumption that

7    arises from low earnings shifts the step-four burden of proof from the claimant to the

8    Commissioner regarding substantial gainful activity).

9          The court was troubled by the ALJ's failure to consider and resolve these

10   ambiguities and remanded the case for that purpose.  The government can lose on the merits and

11   its position still be substantially justified for purposes of EAJA.  Although the remand effectively

12   resulted in a "loss" by the Commissioner, the court cannot say that the government's position

13   was not substantially justified.  As set forth above, there was a genuine dispute about plaintiff's

14   past work as an automobile detailer, and whether it qualified as substantial gainful activity under

15   the regulations.

16         The court remanded for further development as to this single, discrete issue based

17   on the ambiguous record.  That ambiguity, as outlined above, shows that there was evidence to

18   support the Commissioner's position.  See Pierce, 487 U.S. at 565.  See also Williams v. Bowen,

19   966 F. 2d 1259, 1261 (9th Cir. 1991) (upholding denial of EAJA fees where the Secretary's

20   position was supported by "some evidence").

21         Accordingly, the court must conclude that the Commissioner's position was

22   substantially justified, both in the underlying administrative determination and in the ensuing

23   litigation, and therefore denies plaintiffs's application for EAJA fees.[2]

24   _____

25         [2]  Because the court concludes the Commissioner's position was substantially justified,
     the court need not consider the Commissioner's further contentions that special circumstances
26   make an award of  fees unjust and that the amount of hours claimed and the hourly rate requested

II.  CONCLUSION

        In accordance with the foregoing,  IT IS HEREBY ORDERED that plaintiff's

application for fees under EAJA is denied.

DATED: 03/25/08                          /s/ Gregory G. Hollows

                                         _____
                                         GREGORY G. HOLLOWS
                                         UNITED STATES MAGISTRATE JUDGE

GGH:mb
Pratt.1369.eaja.wpd

_____

is excessive, positions which at first blush appear to have merit.